```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :    SEALED INDICTMENT

          - v. -                    :    11 Cr.

ALI GOMAA and                       :    11 CRIM 424
GULAY CIBIK,                        :

          Defendants.               :

- - - - - - - - - - - - - - - - - - x
```

*Judge Buchwald*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 17 2011

## COUNT ONE

**(Conspiracy to Make False Statements to Immigration Authorities)**

The Grand Jury charges:

1. From at least in or about 2001 up to and including in or about 2007, in the Southern District of New York and elsewhere, ALI GOMAA and GULAY CIBIK, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly, combined, conspired, confederated, and agreed together and with each other to violate the laws of the United States, to wit, to violate Sections 1546(a) and 1001(a) of Title 18, United States Code.

2. It was a part and an object of the conspiracy that ALI GOMAA and GULAY CIBIK, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly, would and did make under oath, and, as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, would and did knowingly subscribe as true, a false statement with respect to a material fact in an application, affidavit, and

other document required by the immigration laws and regulations prescribed thereunder, and would and did knowingly present such application, affidavit, and other document which contained such false statement and which failed to contain a reasonable basis in law and fact, in violation of Title 18, United States Code, Section 1546(a).

3. It was a further part and an object of the conspiracy that ALI GOMAA and GULAY CIBIK, the defendants, together with others known and unknown, in a matter within the jurisdiction of the Executive Branch of the Government of the United States, unlawfully, willfully, and knowingly, would and did falsify, conceal, and cover up by trick, scheme and device a material fact, and would and did make a materially false, fictitious and fraudulent statement and representation, and would and did make and use a false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, in violation of Title 18, United States Code, Section 1001(a).

## OVERT ACTS

4. In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about May 26, 2006, a co-conspirator not named as a defendant herein, deposited a check written to her by GULAY CIBIK, the defendant.

b. In or about late 2007, ALI GOMAA, the defendant, created fraudulent documents in support of applications on behalf of undocumented aliens seeking legal immigration status.

(Title 18, United States Code, Section 371.)

## COUNT TWO

### (False Statements to Immigration Authorities)

The Grand Jury further charges:

5. From at least in or about 2001, up to and including in or about 2007, in the Southern District of New York and elsewhere, ALI GOMAA and GULAY CIBIK, the defendants, unlawfully, willfully, and knowingly, did make under oath, and, as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, did knowingly subscribe as true, a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and did knowingly present such application, affidavit, and other document which contained such false statement and which failed to contain a reasonable basis in law and fact, to wit, ALI GOMAA and GULAY CIBIK presented, and aided and abetted the presenting of, applications to immigration authorities on behalf of undocumented aliens seeking legal

3

immigration status, that contained materially false statements and information in order to evade the requirements of federal immigration laws and regulations.

(Title 18, United States Code, Sections 1546(a) and 2.)

## FORFEITURE ALLEGATION

6. As the result of committing one or both of the immigration fraud offenses alleged in Counts One and Two of this Indictment, ALI GOMAA and GULAY CIBIK, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6), all conveyances used in the commission of the offenses; all property, real and personal, that constitutes and is derived from and is traceable to proceeds obtained directly and indirectly from the commission of the offenses; and all property, real and personal, that was used to facilitate, and was intended to be used to facilitate, the commission of the offenses.

### Substitute Assets Provision

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

4

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property described above.

(Title 18, United States Code, Section and 982(a)(6)(A), and Title 21, United States Code, Section 853.)

_____  
FOREPERSON

_____  
PREET BHARARA  
United States Attorney

5