C96THERP                    Plea

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4               v.                          11 CR 424 (NRB)

5    ANDRE HERBST,

6                    Defendant.

7    ------------------------------x

8                                           New York, N.Y.
                                            September 6, 2012
9                                           12:00 p.m.

10

        Before:

11
                         HON. NAOMI REICE BUCHWALD,

12
                                            District Judge

13

14                            APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     DANYA PERRY
17        Assistant United States Attorney

18   DAVID GORDON
          Attorney for Defendant

19

20

21

22

23

24

25

C96THERP                    Plea

1          (In open court)

2          DEPUTY CLERK:  United States versus Andre Herbst.

3          DEPUTY CLERK:  11 Criminal 424.  Is the government

4     present and ready to proceed?

5          THE COURT:  Good afternoon, your Honor, Danya Perry

6     for the government.

7          DEPUTY CLERK:  Is the defense present and ready to

8     proceed?

9          MR. GORDON:  Yes, your Honor, David Gordon for

10    Mr. Herbst.

11         THE COURT:  Good morning.

12         Judging from the documents in front of me, Mr. Herbst

13    is going to enter a plea of guilty this morning.

14         MR. GORDON:  Yes, that's correct, to Count One.

15         THE COURT:  Mr. Herbst, would you stand, please.

16         THE DEFENDANT:  Good morning.

17         THE COURT:  Do you prefer to affirm rather than swear?

18         THE DEFENDANT:  Affirm.

19         (Defendant affirmed)

20         THE COURT:  Would you tell me your full name, please.

21         THE DEFENDANT:  My full name is Andre Herbst.

22         THE COURT:  How old are you, sir?

23         THE DEFENDANT:  55.

24         THE COURT:  Why don't you sit down.

25         What was the highest grade in school that you

C96THERP                    Plea

1  completed?

2          If it's complicated, you can tell me.

3          THE DEFENDANT:  In the secular subjects I finished

4  school in like in grade seven, but I was in yeshiva until I was

5  19.

6          THE COURT:  OK.  And are you now or have you recently

7  been under the care of a doctor or mental health professional?

8          THE DEFENDANT:  Not for mental health, no.

9          THE COURT:  But you're seeing a doctor?

10          Are you currently being treated for any particular

11  condition, medical condition?

12          THE DEFENDANT:  I just had a lap band and I had to go

13  back to the doctor every four weeks.

14          THE COURT:  OK.  Have you ever been hospitalized or

15  treated for alcoholism or narcotics addiction?

16          THE DEFENDANT:  No.

17          THE COURT:  Are you taking any medication which

18  affects your ability to understand the proceedings in court

19  today?

20          THE DEFENDANT:  I don't think so.

21          THE COURT:  Are you under the influence of any drug or

22  alcohol today?

23          THE DEFENDANT:  Fortunately not.

24          THE COURT:  Well, maybe not.

25          THE DEFENDANT:  I'm not.

C96THERP                    Plea

1              THE COURT:  How are you feeling physically?

2              THE DEFENDANT:  I feel pretty good.

3              THE COURT:  Have you had sufficient time to discuss

4    the charges against you and your plea with Mr. Gordon?

5              THE DEFENDANT:  Yes, I did.

6              THE COURT:  And have you been satisfied with the

7    advice and counsel that he has given to you?

8              THE DEFENDANT:  Yes, I have.

9              THE COURT:  Are you ready to enter a plea at this

10   time?

11             THE DEFENDANT:  Yes, I am.

12             THE COURT:  What is your plea, guilty or not guilty?

13             THE DEFENDANT:  Guilty to that first charge.

14             THE COURT:  To Count One of the superseding

15   indictment, is that correct?

16             THE DEFENDANT:  If that's what it is, yes.

17             THE COURT:  Mr. Herbst, in order to determine whether

18   your plea is voluntary and made with a full understanding of

19   the charges against you and the consequences of your plea, I'm

20   going to make certain statements to you.

21             Are you having trouble hearing me?

22             THE DEFENDANT:  No, I'm trying to pay attention.

23             THE COURT:  I'm going to make certain statements to

24   you and I'm going to ask you certain questions.  I want you to

25   understand that I need not accept your plea unless I am fully

1    satisfied that you understand your rights and that you are in

2    fact guilty.

3             THE DEFENDANT:  I understand.

4             THE COURT:  So Count One of the superseding indictment

5    charges you with participating in a conspiracy to make material

6    false statements in relation to immigration applications from

7    in or about 1996 up to and including in or about 2009.  And

8    this crime carries a maximum possible sentence under the law of

9    five years in prison, a maximum term of three years of

10   supervised release, a maximum fine of the greatest of $250,000

11   or twice the gross monetary loss to a person other than

12   yourself as a result of the offense or twice the gross monetary

13   gain derived from the offense, and a $100 special assessment.

14            Do you understand that those are the charges against

15   you and the maximum possible penalties under the law?

16            THE DEFENDANT:  Yes, I do, your Honor.

17            THE COURT:  And do you understand that you have the

18   right to plead not guilty and the right to a trial on the

19   charges against you, and in fact the right to a jury trial?

20            THE DEFENDANT:  Yes, I do.

21            THE COURT:  At this time I would ask Ms. Perry to

22   recite the elements of the crime charged.

23            MS. PERRY:  Yes, your Honor.  If the defendant would

24   go to trial, the government would have to prove the following

25   elements, your Honor.  With respect to the conspiracy charged,

C96THERP                    Plea

which is Count One, the government would first have to prove

that, first, there was an agreement between Mr. Herbst and at

least one other person to violate Sections 1546(a) and 1001(a),

Title 18, United States Code; second, that the defendant

willfully joined in this conspiracy; and third, that at least

one overt act was taken in furtherance of the conspiracy.

With respect to two objects of the conspiracy, the

government would have to prove as follows with respect to

1546(a), that, first, the defendant made a false statement;

second, that the defendant acted with knowledge that the

statement was untrue; and third, that the statement was

material to activities or decisions of the Department of Labor

and/or United States Citizenship and Immigration Services;

fourth, that the statement was made under oath or under penalty

of perjury; and fifth, that the statement was made on an

application required by immigration laws or regulations.

With respect to the second object of the conspiracy,

that is charged under 18, USC, Section 1001(a), the elements

are as follows:  First, the defendant made a false statement or

representation to the government; second, that the defendant

made the statement knowing it was false; third, that the

defendant made the statement willfully, that is deliberately,

voluntarily and intentionally; fourth, that the statement was

made in a matter within the jurisdiction of the executive

branch of the United States; and fifth, that the statement was

1    material to the Department of Labor and/or USC IS or Customs

2    Enforcement.  The government would also prove by a

3    preponderance of the evidence that venue in the Southern

4    District of New York is proper.

5              THE COURT:  Mr. Herbst, do you understand that if you

6    plead not guilty and went to trial that the burden would be on

7    the government to prove each and every element of the crimes

8    charged beyond a reasonable doubt in order to convict you?

9              THE DEFENDANT:  Yes, I understand.

10             THE COURT:  And do you understand that at a trial you

11   would have the right to be represented by an attorney at all

12   stages of the proceeding and, if necessary, an attorney would

13   be appointed for you?

14             THE DEFENDANT:  Yes, I do.

15             THE COURT:  Do you understand at a trial you would

16   have the right to confront and cross-examine witnesses against

17   you and the right not to incriminate yourself?

18             THE DEFENDANT:  Yes.

19             THE COURT:  And do you understand that at a trial you

20   would be presumed innocent until such time, if ever, the

21   government established your guilt by competent evidence to the

22   satisfaction of the trier of fact beyond a reasonable doubt?

23             THE DEFENDANT:  Yes.

24             THE COURT:  And do you understand that at a trial you

25   would have the right to testify and would also be entitled to

C96THERP                    Plea

1  compulsory process, in other words, the right to call other

2  witnesses on your behalf?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Do you understand that if your plea is

5  accepted that there will be no further trial of any kind, so

6  that by pleading guilty you are waiving your right to a trial?

7           THE DEFENDANT:  Yes.

8           THE COURT:  And do you understand that if you are

9  sentenced to a period of supervised release, and if you violate

10  the terms of your supervised release, that an additional period

11  of jail time may be imposed without credit for the time that

12  you previously spent on supervised release?

13           THE DEFENDANT:  Yes, I understand.

14           THE COURT:  And do you understand that in connection

15  with your plea of guilty that the Court may ask you certain

16  questions about the offense to which you have pled, and if you

17  answer those questions under oath and on the record and in the

18  presence of your lawyer, that your answers, if false, may later

19  be used against you in a prosecution for perjury or false

20  statement?

21           THE DEFENDANT:  Yes.

22           THE COURT:  Mr. Herbst, what country are you a citizen

23  of?

24           THE DEFENDANT:  I am a citizen of the United States as

25  well as of Canada.

C96THERP                    Plea

1          THE COURT:  Mr. Herbst, did you sign a plea agreement

2     earlier today?

3          THE DEFENDANT:  Yes, I did.

4          THE COURT:  Before you signed it, did you talk to

5     Mr. Gordon about it?

6          THE DEFENDANT:  Yes, I did.

7          THE COURT:  Before you signed it, did you read it?

8          THE DEFENDANT:  Yes, I did.

9          THE COURT:  Let's put it aside for one moment and let

10    me ask you this:  Apart from the plea agreement, have any

11    threats or promises been made to you to make you plead guilty?

12          THE DEFENDANT:  No.

13          THE COURT:  Again, apart from the plea agreement, have

14    any understandings or promises been made to you concerning the

15    sentence you will receive?

16          THE DEFENDANT:  No.

17          THE COURT:  Is your plea voluntary, in other words, of

18    your own free will?

19          THE DEFENDANT:  Yes, it is.

20          THE COURT:  I would like to review a few portions of

21    the plea agreement to make sure that you understand them.

22          THE DEFENDANT:  OK.

23          THE COURT:  So first, do you understand that this plea

24    agreement does not cover any possible criminal tax violations

25    which you may have committed?

C96THERP                    Plea

1        THE DEFENDANT:  Yes, I understand that.

2        THE COURT:  And do you understand that the plea

3   agreement also requires you to make restitution?

4        THE DEFENDANT:  Yes.

5        MR. GORDON:  Your Honor, it says may require, if there

6   is a victim.

7        THE COURT:  Well, OK.

8        MR. GORDON:  May require restitution.

9        THE COURT:  Well, it says the defendant further agrees

10  to make restitution in accordance with certain statutes in

11  accordance with a plan to be established.  Maybe that's just

12  theoretical.

13       MR. GORDON:  I think in this case.

14       THE DEFENDANT:  I happen to believe it's theoretical,

15  but if it isn't, I'm ready to make it.

16       THE COURT:  And do you understand that the plea

17  agreement contains a stipulated guidelines range, sentencing

18  guidelines range from 10 to 16 months?

19       THE DEFENDANT:  Yes.

20       THE COURT:  And a stipulated fine range under the

21  guidelines of 3,000 to $30,000?

22       THE DEFENDANT:  Yes.

23       THE COURT:  And do you understand that you and the

24  government have both agreed that neither a downward nor an

25  upward departure from the stipulated guidelines range is

C96THERP                    Plea

1   appropriate but that both parties can seek a sentence outside

2   of the stipulated guidelines range?

3          THE DEFENDANT:  Yes, I understand that.  It was

4   explained to me in detail by Mr. Gordon, my attorney.

5          THE COURT:  Glad to hear it.

6          THE DEFENDANT:  It's true.

7          THE COURT:  Do you understand that the plea agreement

8   also provides that the government may seek an adjustment of the

9   guidelines if it is determined that you have engaged in conduct

10  which the government does not know about that constitutes an

11  obstruction of justice, or if you commit another crime after

12  signing this agreement?

13         THE DEFENDANT:  Yeah.  You mean between now and

14  sentencing?

15         THE COURT:  Yes.

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  And do you understand that the stipulated

18  guidelines range is neither binding on the probation department

19  nor on the Court, and that the sentence to be imposed upon you

20  is determined solely by the Court?

21         THE DEFENDANT:  Yes.

22         THE COURT:  And do you understand that you have waived

23  a right to appeal or otherwise challenge any sentence with or

24  below the stipulated guidelines range of 10 to 16 months?

25         THE DEFENDANT:  Yes.

C96THERP                    Plea

1          THE COURT:  And are you pleading guilty because you

2    are in fact guilty?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  And do you understand that this plea

5    agreement doesn't bind any prosecuting office other than the

6    United States Attorney's Office for the Southern District of

7    New York?

8          THE DEFENDANT:  Yes.

9          THE COURT:  And do you understand that this plea

10   agreement cannot be changed except in a writing signed by all

11   parties?

12         THE DEFENDANT:  Yes.

13         THE COURT:  And that the plea agreement is the

14   entirety of the current understanding between you and the

15   United States Attorney's Office except for any possible written

16   proffer agreements that you may have entered into?

17         THE DEFENDANT:  Yes, I understand that.

18         THE COURT:  Sorry?

19         THE DEFENDANT:  There are no proffer agreements.

20         THE COURT:  OK.  Life is simple.

21         Mr. Herbst, did you commit the offense that you have

22   been charged with in Count One?

23         THE DEFENDANT:  Yes, I did.

24         THE COURT:  Could you tell me in your own words what

25   you did?

C96THERP                    Plea

1          THE DEFENDANT:  Yes, your Honor.  Over the last five

2     or six years I in fact signed documents on behalf of people who

3     were trying to immigrate or work or whatever it was to the

4     United States, and I signed these various government documents

5     on their behalf for them.  And I knew that information on those

6     documents were not -- were not true.

7          THE COURT:  Before you signed any of these documents,

8     had you entered into an agreement with anyone else in

9     connection with the filing of these false documents?

10          THE DEFENDANT:  I don't quite --

11          MR. GORDON:  One moment.

12          THE DEFENDANT:  I was asked to do it and I agreed to

13     do it for the person that asked me to do it, but I did not sign

14     on behalf of the person, I signed on behalf of his client.  I

15     want to make sure, it was a request of a person for whom I did

16     this.

17          THE COURT:  And the person who asked you had a client?

18          THE DEFENDANT:  Yes.

19          THE COURT:  It was the client who was seeking some

20     kind of regularization under the immigration law?

21          THE DEFENDANT:  Yes.  Quite frankly, I don't really

22     know exactly what it is at which time, whether it was a work

23     permit or alien whatever, but whatever it was he asked that I

24     sign, I wilfully signed it knowing that the information on it

25     was not true.

C96THERP                    Plea

1      THE COURT:  And what was the nature of the documents

2  which you signed?  What was the representation, if anything,

3  that you were making by signing the document?

4      THE DEFENDANT:  For all intents and purposes, the

5  documents were -- the documents stated that a company that I

6  represented was ready to hire them -- to hire that person in

7  their employ.

8      THE COURT:  And I gather that wasn't true.  The

9  company that you represented didn't intend to employ the person

10  on whose behalf this document was being signed, correct?

11      THE DEFENDANT:  Yes, your Honor.  They may not have

12  been the only thing that -- that may not necessarily be the

13  only thing that was not true on the document.

14      THE COURT:  But it was one of the important things?

15      THE DEFENDANT:  And your Honor, there may have been

16  documents that they were ready to employ and the person never

17  came to get the job.  So there's enough of them there.

18      MR. GORDON:  Your Honor, may I have one moment?

19      THE DEFENDANT:  One of the other statements on the

20  application, there was a question of how many employees this

21  company has, and for the most part that answer was always

22  wrong.

23      THE COURT:  And when you were filling out these

24  documents, could you tell me physically where were you?

25      THE DEFENDANT:  For the most part I was in an

C96THERP                    Plea

1    attorney's office in Manhattan on 111 Wall Street.

2                THE COURT:  This scheme in the indictment is alleged

3    to have started in or about 1996.  Am I correct that -- did I

4    hear you say that you didn't participate for that entire time?

5                THE DEFENDANT:  Yes.

6                THE COURT:  When did your participation start, about?

7                MR. GORDON:  Your Honor, he's prepared to admit to

8    certainly 2006 to 2009, which is part of the period of the

9    indictment.

10               THE DEFENDANT:  That's what I'm pleading guilty to.

11               THE COURT:  And I assume -- do I assume correctly that

12   you understood when you were falsely completing these forms

13   that it was against the law to do so?

14               THE DEFENDANT:  Yes.

15               THE COURT:  Ms. Perry, is there anything else you

16   would like me to ask him?

17               MS. PERRY:  Yes, your Honor, I would just like some

18   clarification.  Mr. Herbst admitted that he was aware that

19   these documents were being submitted to government officials, I

20   just wish to be as clear as possible that they were actually

21   submitted to government officials within both the immigration

22   department as well as the Department of Labor, and that they

23   were signed -- the documents were signed under penalty of

24   perjury, and further, that they were material to those

25   government officials.

C96THERP                    Plea

1        THE COURT:  Well, I don't know that he has to allocute

2   to the materiality.

3        MS. PERRY:  He might understand that it would have

4   been important to their functioning, but if not --

5        THE COURT:  First of all, did you understand that the

6   documents were going to be submitted to immigration authorities

7   as well as the Department of Labor?

8        THE DEFENDANT:  I knew that these documents will be

9   submitted to some government agency, I'm not -- depending which

10  document it is or whatever, it wasn't part of my thing to care

11  whether it went here or there.

12       I do know that it was done for the purpose of

13  immigration, I just don't know which department each individual

14  document went.

15       MR. GORDON:  Your Honor, I think they initially went

16  to the Department of Labor.

17       THE COURT:  Do you remember seeing on the top of any

18  of the documents the words "Department of Labor?"

19       THE DEFENDANT:  Yes.  I never submitted the documents.

20       THE COURT:  But you understood the lawyer would be

21  submitting?

22       THE DEFENDANT:  Yes, absolutely.

23       THE COURT:  Ms. Perry, I don't recall what else you

24  wanted me to ask.

25       MS. PERRY:  That the defendant made the statements

C96THERP                    Plea

1   under oath or penalty of perjury.

2           THE COURT:  Did it say where you signed it that the

3   statements were made under penalty of perjury?

4           THE DEFENDANT:  There is language that says you are

5   truthful or whatever, there was something to that effect.  I

6   don't remember the words that I'm going to affirm.

7           THE COURT:  You did understand that --

8           THE DEFENDANT:  It did mention something about code, I

9   do remember numbers.

10          MR. GORDON:  Probably U.S. Code 18 1001.

11          THE DEFENDANT:  I remember numbers.

12          THE COURT:  You understood when you signed it there

13  was a clear message at about the signature line that this was a

14  serious thing and it was supposed to be truthful?

15          THE DEFENDANT:  Yes, I understand that, it's quite

16  clear.

17          THE COURT:  And did you understand that the completion

18  of these documents was important the individual obtaining

19  whatever benefit they were seeking from the immigration

20  authorities?

21          THE DEFENDANT:  Yes, of course.

22          THE COURT:  Ms. Perry, anything else?

23          MS. PERRY:  No, your Honor, not with respect to the

24  allocution.  I did have one other matter I wanted to raise.

25          This issue is not contained in the parties' plea

C96THERP                    Plea

1  agreement because it's not an agreement between the parties,

2  but I believe it's an understanding that Mr. Herbst has as far

3  as the conversations that the government has had with counsel.

4  Mr. Herbst is a naturalized United States citizen, as I believe

5  he told your Honor, and to our understanding, there is a very

6  small but not impossible likelihood that he could be

7  denaturalized and deported.  Mr. Gordon has a better sense of

8  it, but I understand that because there is some possibility

9  that it's best to just put that on the record.

10          MR. GORDON:  Your Honor, since his conduct occurred

11  after he became a citizen, I don't think there is any risk of

12  that.

13          THE COURT:  Well, to be candid, I certainly don't

14  know.  I think, though, that Ms. Perry's point is that

15  Mr. Herbst ought to be aware that there is at least the

16  possibility that because he's pled guilty that that may affect

17  his status as a naturalized citizen and arguably he could lose

18  it.  No one here is telling him that is going to happen, but he

19  needs to be aware before I accept his plea that he recognizes

20  that that is a potential risk.

21          THE DEFENDANT:  Yes, your Honor, I understand that.  I

22  had taken that into consideration.

23          MS. PERRY:  Thank you, your Honor.

24          THE COURT:  Mr. Herbst, do you still wish to plead

25  guilty?

C96THERP              Plea

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Mr. Gordon, do you know of any reason that

3    Mr. Herbst ought not to plead guilty?

4          MR. GORDON:  No, your Honor.

5          THE COURT:  Mr. Herbst, I'm satisfied that you

6    understand the nature of the charge against you and the

7    consequences of your plea, and that your plea is made

8    voluntarily and knowingly and that there is a factual basis for

9    your plea.  Accordingly, I will accept your plea of guilty and

10   direct that a presentence report be prepared.

11         MR. GORDON:  Your Honor, I would like to be present

12   for that.

13         THE DEFENDANT:  Thank you, your Honor.

14         THE COURT:  All right.  As far as sentencing date, is

15   there anything special that we need to know about?  He's not in

16   custody, so I think that probation wants 120 days.

17         MR. GORDON:  Whatever they want is fine.

18         THE COURT:  Sometime in January?

19         MR. GORDON:  January is fine.

20         THE COURT:  Let me say this, in the past months,

21   weeks, the number of attorneys that have asked to adjourn

22   sentences has risen almost to the point that there is no sense

23   that I say it happens on the day that I set it.  But since I do

24   this with the consent of defense counsel in the first place, I

25   do expect that we will go forward on whatever date we do agree

C96THERP                    Plea

1    to today.  So whether that means you have to make sure that he

2    gets in for his interview, if you have not received probation's

3    report on a timely basis, you need to call them.  I don't know

4    if you get that stuff, but I am getting fairly frustrated with

5    the fact that my sentences are not going off on time.

6              How is January 17 at 4 o'clock?

7              MS. PERRY:  Your Honor, would it be possible to do it

8    just a little bit earlier in the day that day?  I have

9    something at 5:30.  It probably won't be a conflict.  Just even

10   a half hour earlier.

11             THE COURT:  OK.  Sure.

12             MS. PERRY:  Thank you, Judge.

13             THE COURT:  Can I get any defense --

14             MR. GORDON:  What's the time?

15             THE COURT:  3:30, sorry.

16             Any defense submission by January 8, and government's

17   by January 14.

18             Is there anything else at this time?

19             MS. PERRY:  Not from the government.

20             MR. GORDON:  Yes, bail.  Your Honor, once before you

21   approved -- I had written you a letter and you approved

22   Mr. Herbst being allowed to go up to Canada for the birth of

23   his grandchild.  It turns out he didn't go, but he would like

24   to go now to Montreal for Yom Kippur.  And I understand the

25   government would consent to that with some modification of bail

C96THERP                    Plea

1   during the period of his absence.

2              THE COURT:  OK, what do you propose?

3              MR. GORDON:  The same as last time, which I think was

4   upping the bail to $500,000, cosigned by his brother Henry,

5   $15,000 cash, and his passport for the period of September 24

6   through 27, that he would notify pretrial before he leaves and

7   immediately upon his return, and he would need his passport

8   just for those four days.

9              Is there anything else?

10             MS. PERRY:  Yes, the previously set conditions by your

11  Honor were that the defendant execute a $500,000 PRB secured by

12  $15,000 in cash and cosigned by his brother Henry Herbst and

13  his nephew Richard Herbst, and a further condition was that the

14  defendant be required to execute a waiver of extradition.

15             THE COURT:  I think you prepared an order for me the

16  last time.

17             MR. GORDON:  I think it was a letter.

18             THE COURT:  No, actually I have a nice formal letter

19  here.

20             MR. GORDON:  Did I do this?

21             THE COURT:  I'm sure I didn't do it.  I would be

22  surprised if I did it from scratch.

23             MR. GORDON:  I will do it again then.

24             THE COURT:  Yes, actually go back to your files,

25  May 7, 2012.

C96THERP                    Plea

1           MR. GORDON:  I will find it.

2           THE COURT:  OK.  And you can pull it up, change the

3    dates, and I think it will work.  Just fax it in to me.

4           MR. GORDON:  Thank you.

5           MS. PERRY:  Thank you.

6           THE COURT:  Very good.  Thank you.

7           THE DEFENDANT:  Thank you very much.

8                            o0o

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25