UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————x

UNITED STATES OF AMERICA                    :

                                            :

    - against-                              :

                                            :    Case No. **S1 11CR. 424(NRB)** :

HAROLD TISCHLER                             :

                Defendant.                  :

———————————————————x


<u>MEMORANDUM IN SUPPORT OF HAROLD TISCHLER'S PRE TRIAL MOTION IN LIMINE</u>


Dated: New York, N.Y.
December 12, 2012

                                        PAUL GREENFIELD, ESQ.
                                        Attorney for Defendant
                                        260 Madison Avenue, 17th Fl.
                                        New York, N.Y. 10016
                                        (t) 212-679-1990
                                        (f) 212-679-1995

## STATEMENT OF FACTS

The defendant is charged with Conspiracy to Commit Immigration Fraud by participating in a scheme in which false representations of the sponsorship of aliens for employment were submitted to the Department of Labor, and related immigration applications based upon them.

The defendant has entered a plea of not guilty. Trial is scheduled for January 15, 2013.

In conversations with and through discovery provided by the Government, certain matters, delineated as items 1 through 7 herein have come to my attention as alleged acts by, and conduct of the defendant, that the Government intends to use as evidence either in its direct case or on cross examination of the defendant, in the event he testifies at trial. Among these is a 26 year old misdemeanor conviction in the Northern District of New York.

## ARGUMENT

By this Motion in Limine, the defendant Harold Tischler seeks to prevent the Government from introducing evidence both in its direct case, and through cross examination of alleged wrongdoing by him in seven specific areas:

1.) Defendant's 1986 misdemeanor conviction for conspiracy to violate 8USC1325.

2.) Alleged cash transactions involving Citi-Bank accounts for Fix Anything, Inc. and/or Vintage Builders, Inc. related to "Congregation Me'er Mosher", which the Government has described to Counsel as "suspicious", but which are not alleged to be related to the case at bar.

3.) Defendant's income from Green Line Developers, LLC, as represented on his application to modify his home mortgage, again, not alleged to be related to the case at bar .

4.) Defendant's representations on credit card applications as to his annual income again, not alleged to be related to the case at bar.

5.) Alleged Civil Judgments against Defendant related to non-payment of credit card balances, again, not alleged to be related to the case at bar.

6.) Any alleged Federal Tax Liens previously filed against the Defendant, again, not alleged to be related to the case at bar.

7.) The subject matter of, or allegations set forth in a Civil Lawsuit between the Defendant, his sister; mother, and brother, now pending in Supreme Court, Kings County, entitled <u>Esther Tischler by Jerry Tischler, temporary guardian, v. Jeanette Tischler; Harold Tischler, at al,</u> index No. 10318/2011, again, not alleged to be related to the case at bar.

The Government should be precluded from utilizing each of the items set forth above, for the reasons set forth below:

## 1. The 1986 Misdemeanor Conviction:

On August 19, 1986 (twenty-six years ago) Harold Tischler, then age twenty-two, was convicted upon a plea of guilty to a misdemeanor conspiracy to violate <u>8 USC 1325,</u> Improper Entry by an Alien. (The relevant language of the statute is annexed below as exhibit "A"). The charge related to his attempt to smuggle an alien, into the United States across the Canadian border in the trunk of a car he was driving. The Government has indicated to counsel that it intends to offer proof of this conviction against the defendant. It is our position that such proof is barred both on the Government's direct case, and on cross examination, should the defendant testify at trial.

The use of the defendant's 26 year old misdemeanor conviction is governed by <u>Federal Rule of Evidence, 609</u> which provides in pertinent part, as follows:

**(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
**(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

**(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
**(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily

determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement.

**(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
**(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
**(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.


_Timeliness under Rule 609(b)_

Since the defendant's conviction occurred more than 10 years ago, its use is governed, by Rule 609(b), which bars the use of a conviction more than ten years old unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

The Second Circuit has recognized that Congress intended that convictions more than ten years old be admitted "very rarely and only in exceptional circumstances." _Zinman v. Black & Decker, Inc._, 983 F.2d 431, 434 (2d Cir. 1993); U.S. v. _Mahler, 579 F.2d at 736_ (stating that Congress believed that convictions more than ten years old have very little or no probative value). In exercising its discretion to determine whether there exists the requisite "exceptional circumstances," U.S. v _Mahler, 579 F.2d at 735_ a court must consider a number of factors. These include the nature, age, and severity of the crime and its relevance to the witness's credibility, the importance of credibility as an issue in the case, the availability of other means to impeach the witness, and whether the witness has "mended his ways" or engaged in similar conduct recently. U.S. v. _Sango_, 1989 WL 86995.

Thus, the 1986 conviction was a misdemeanor (low severity) and there has been a complete lack of any intervening similar, criminal convictions; ("mended his ways"). Evidence of this conviction should be excluded pursuant to Rule 609(b).

*False Statement Crimes*

Since the 1986 conviction was for a misdemeanor, its use is proscribed by Rule 609(a) 2 even before the timeliness issue of Rule 609 B. 2 is addressed.

Under rule 609 (a) 2 that this Court must readily determine that establishing the elements of the 1986 crime "...required proving — or the witness's admitting — ..." a dishonest act or false statement. The burden of demonstrating that the conviction was for a crime that involved dishonesty or false statement is on the proponent. United States v. Hayes, 553 F.2d 824, 827 (2d Cir. 1977) cert. denied, 434 U.S. 867, 54 L. Ed. 2d 143, 98 S. Ct. 204 (1977) ("if the title of an offense leaves room for doubt, a prosecutor desiring to take advantage of automatic admission of a conviction ... must demonstrate to the court that a particular prior conviction rested on facts warranting the dishonesty or false statement description"). The question to be determined is what the statute under which the defendant was convicted required as proof.

The use of this second prong of Rule 609(a) is restricted to convictions that bear directly on the likelihood that the defendant will testify truthfully (and not merely on whether he has a propensity to commit crimes). It follows that crimes of force, such as armed robbery or assault... or crimes of stealth, do not come within this clause. United States v. Hayes, 553 F.2d at, 827 (2d Cir.), cert. denied, 434 U.S. 867 (1977). The 1986 crime was clearly a crime of stealth, it was an attempt to smuggle an alien into the United States by secreting him in the trunk of a car. Although dishonest, such actions do not necessarily involve false statement or false swearing, nor necessarily reflect on the likelihood of truthful testimony.

Furthermore, even if the Court were to decide that defendant's conviction was a false statement crime, the Court would still be required to address the timeliness of a conviction before it could be admitted under Rule 609.

## Rules 402, 403 and 404b

Because the conviction is more than 10 years old, the Court is required to find that its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect. (Rule 609(b) 1, and that is relevant). This required analysis implicates the same issues that frequently are considered under Rules 403 and 404(b), which hold that the government may introduce evidence of a defendant's prior crime only if that evidence is relevant for a reason other than to show criminal propensity, and if the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice." United States v. Zackson, 12 F.3d 1178, 1182 (2d Cir. 1993). See also United States v. Curley, 639 F.3d 50, 56-57 (2d Cir. 2011) Under 403, the evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character. The evidence is permissible when relevant to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. (Evidence of other wrongdoing may be admitted so long as it is relevant and it is not offered to prove criminal propensity." U.S. v. Pipola, 83 F.3d 556, 565-66 (2d Cir. 1996) U.S. v. LaSanta, 978 F.2d 1300, 1307-08 (2d Cir. 1992)) Relevance is case specific; Huddleston v. U.S 485 U.S. 681. "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.

Thus, Before admitting Rule 404(b) evidence, the Court must ensure that: (1) it is being offered for a proper purpose; (2) it is relevant to a disputed issue in the case; and (3) inclusion , of the evidence would not run afoul of Rule 403 Pipola, 83 F.3d at 565-66, U.S. v. Zackson, 12 F.3d 1178, 1182 (2d Cir. 1993) Even if the evidence fulfills "the relevancy requirement of Rule 402 , as enforced through Rule 104(b)" (Huddleston, supra), the court may exclude relevant evidence if its probative value is substantially

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. It has been held in this Circuit that "To satisfy the relevance inquiry, the evidence must be 'sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the [state of mind] inference advocated by the proponent of the evidence." United States v. Peterson, 808 F.2d 969, 974 (2d Cir. 1987). Moreover, the evidence in question is probative only to the degree to which it is similar to the conduct at issue. The trial court is required to "consider all the evidence presented to the jury and determine whether a reasonable jury could find the advocated inference."

Here, other than the fact that the current case and the 1986 case both involve immigration, there is no similarity whatsoever. The 1986 conviction was for the physical act of attempting to drive an alien across the US, Canadian border by secreting him in the trunk of the car that defendant was driving

### Other Acts (2-7)

In addition to the prior criminal conviction, the Government has indicated that it intends to make use of the following alleged conduct on cross examination of the defendant if he should testify:

2.) Alleged cash transactions related to Citi-Bank accounts for Fix Anything, Inc. and/or Vintage Builders, Inc. concerning Congregation Me'er Mosher, which the Government has described to Counsel as "suspicious".

3.) Defendant's income from Green Line Developers, LLC, as represented on his application to modify his home mortgage.

4.) Defendant's representations on credit card applications as to his annual income.

5.) Alleged Civil Judgments against Defendant related to non-payment of credit card balances.

6.) Any alleged Federal Tax Lien filed against the Defendant.

7.) The subject matter of, or allegations set forth in a Civil Lawsuit between the Defendant, his sister; mother, and brother, now pending in Supreme Court, Kings County, entitled Esther Tischler by Jerry

<u>Tischler, temporary guardian, v. Jeanette Tischler; Harold Tischler, at al,</u> index No. 10318/2011.

 For the following reasons, all of these areas should be excluded by the Court:

First of all, Defendant does not concede that any of the above enumerated areas involve wrongdoing by

him of any kind. Indeed as to items 2. (Allegedly suspicious deposits into Citi-Bank accounts for Fix

Anything, Inc. and/or Vintage Builders, Inc.); 3. (Employment of Defendant by Green Line Developers,

LLC); 4. (Representations on credit card applications) and S. (Alleged Civil Judgments against Defendant),

the defendant has been provided with no detail; exhibits, or documents of any kind in support of any of

the supposed wrongdoing.

All of the areas enumerated are within the province of Rule 403, and 404b, in that none are "inextricably

intertwined with evidence regarding the charged offense." <u>United States v. Quinones, 511 F.3d 289, 309</u>

<u>(2d Cir. 2008)</u> see also <u>United States v. Towne,</u> 870 F.2d 880, 886 (2d Cir. 1989). Whereas, "evidence of

uncharged criminal activity is not "considered 'other crimes' evidence under [FRE] 404(b) if it . . . is

necessary to complete the story of the crime," <u>United States v. Gonzalez, 110 F.3d 936, 942 (2d Cir.</u>

<u>1997)</u> <u>United States v. Affronti, 113 F.3d 1230 (2d Cir. 1997)</u> ("An act that is alleged to have been done in

furtherance of the alleged conspiracy . . . is not an, "other" act within the meaning of Rule 404(b), rather

it is part of the very act charged." ), that is not the case here. None of the items 2, through 7 relate to

any proof of the crimes charged in the indictment. Thus,, each alleged act set forth above should be

precluded on the grounds that it is irrelevant (Rule 402); and further that its probative value if any, is

substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the

issues, misleading the jury, undue delay, or wasting time, (Rule 403), and is offered for no other reason

than to attack the defendant's character (404b).

It is well-settled that other act evidence may be admitted under Rule 404(b) if: (1) evidence is offered

for a proper purpose, namely, a purpose other than to prove the defendant's bad character or criminal

propensity; (2) the evidence is relevant to an issue in the case; and (3) the evidence satisfies the

probative-prejudice balancing test of Rule 403. See United States v. Zackson, 12 F.3d 1178, 1182 (2d Cir. 1993) ;) United States v. Colon, 880 F.2d 650, 656 (2d Cir. 1989). However, in order to avoid a "trial within a trial", or the waste of time on proof of a collateral issue, the inquiry must be based upon real evidence that the alleged conduct actually took place. Michelson v United States, 335 U.S. 469,479-485 (1948). Michelson establishes that the party questioning into a specific instance of conduct must have a good faith basis for asserting that the actions actually occurred.

Mere suspicions on the part of the Government as to the nature of certain cash transactions within a Bank account (item 2); the accuracy of Defendant's claimed income on a mortgage renewal application , or (3); credit card application (4); are no substitute for proof. Nor, should the Defendant and the Court be subjected to having some sort of "mini-trial" to address innocent explanations for conduct totally unrelated to the case at bar.

As to Civil Judgments (5); assuming there are any, (none have been provided); they are probative of nothing other than some sort of misguided attack on the integrity of the defendant, and should be completely excluded. There are no Federal Tax Liens (6) against the defendant, and frankly, if there were any either now or in the past, they would be completely irrelevant to these proceedings and barred from inquiry as well.

Finally, there is a law suit pending between the defendant and his sister-in-law on one side as defendants, and his sister, brother and mother on the other. This civil action was commenced last year by defendant's brother. It relates to title to the family home where the defendant, his mother and his disabled sister all reside, and where they have resided for years. In the manner of State civil action of this ilk, the allegations are scandalous; the feelings raw and the progress of the case, minimal. Any reference to the case of the claims would be an outrageous waste of time and again subject the defendant in this case to undue prejudice; confusion, and misleading the jury.

## CONCLUSION

For the foregoing reasons, the Motion in Limine should be granted in all respects.

December 12, 2012

Paul Greenfield

EXHIBIT "A"

**8 USC 1325 Improper entry by alien**
**a) Improper time or place; avoidance of examination or inspection; misrepresentation and concealment of facts**
Any alien who
(1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or
(2) eludes examination or inspection by immigration officers, or
(3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall, for the first commission of any such offense, be fined under title 18 or imprisoned not more than 6 months, or both, and, for a subsequent commission of any such offense, be fined under title 18, or imprisoned not more than 2 years, or both.